TO:JUDGE HONORABLE JOE KENDALL

FROM: MARC ELLIOT BOOKER                 C.N.#3;01 cr 184 K(01)



INQUISITION FOR QUESTIONAIRE
AND STATEMENT  OF FACTS....
=================================

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 2 2 2010

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

TO THE HONORABLE JUDGE OF SAID COURT COMES NOW THE ABOVE AND
FOREGOING DEFENDANT **MARC ELLIOT BOOKER** HERETOFORE IN REQUEST
OF THE FOLLOWING:

### INTRODUCTION
### OF STATEMENTS

#### I.

1.**DEFENDANT** WAS CONVICTED ON OR ABOUT AUGUST 2001 FEDERAL CONVICTION.
2.DEFENDANT WAS ALSO CONVICTED FOR THE STATE OFFENSE ON OR ABOUT
OCTOBER 2001.
3.DEFENDANTS UNITED STATES FEDERAL NUMBER IS  26969 177
4.DEFENDANT SERVED APPROXIMATELY 33 MONTHS UNDER FEDERAL CUSTODY
 TOWIT WAS THEN SENT TO SERVE HIS STATE SENTENCE OF WHICH THE
REMAINER 36 MONTHS FOR TERMINATING  THE FEDERAL SENTENCE CEASED
TO OPERATE ON OR ABOUT AUGUST 2007.


### ADDITIONAL
### STATEMENT..
#### II.

YOUR HONOR [I]F I MAY ATTEMPT TO INTRODUCE TO THIS COURT THE
DOCUMENTARY  FORWIT WILL DETERMINE THE **FACTUMS,** FOR THE **MENS
REA JUDICIAL PROVIDENCE**  IN THIS CASE.A  COPY OF THE   **UNITED
STATES DISTRICT COURT DECREE** IS ATTACHED FOR THE RECORD OF SHOWING
THIS COURT THE CONTEXTUAL PRETEXT ALSO FOR THE RECORD A COPY
OF THE STATES MAGISTRATE CERTIFCATE OF PROCEEDINGS  AND THE
DECREE,FOR THE STATES AGREEMENT [PLEASE] TAKE NOTICE OF THE
**DATE OCTOBER 29 2001 STATE CONVICTION**  AND THE JUDGES STATEMENT
**WILL NOT BE STACKED** i..e.OF WHICH THE UNITED STATES HAD ADJUDICATED
**PRIOR**  TO THE STATE CONVICTION WHICH AUTOMATICALLY MAKES BOTH..
SENTENCES TO RUN CONCURRENTLY.

CONCLUSION

THE UNITED STATES DISTRICT COURT HAS A DETAINER ON
THE DEFENDANT THAT SHOULD BE LIFTED FOR THE PURPOSE OF
JUSTICE,THEREFORE THE DEFENDANT AFTER THIS HONORABLE COURT REVIEWS

THIS DOCUMENT AND THE FACTS STATED THEREOF,MAY RELIEF THE DEFENDANT
GRANTED AND ACCORDENLY  PURSUANT TO THE FEDERAL RULES OF CIVIL..
PROCEDURE AND THE FEDERAL RULES OF CRIMINAL PROCEDURE ALSO THE
UNITED STATES SENTENCING GUIDELINES PERTAINING TOCONCURRENT
SENTENCES.

DATE

10-12-10

RESPECTFULLY  SUBMITTED

Marc E. Booker

CC.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**



P.O. Box 99 Huntsville, Texas 77342-0099

Gary Johnson
Executive Director

March 12, 2002

United States Marshal
P.O. Box 61608
Houston, Texas   77208

*26969-177*

To Whom It May Concern:

Notations have been made on our records showing that our
Name:   Booker, Marc E
No  :   1069369
Your :   3:01-CR-184-X(1)
Type :   F
will be wanted by your office upon release from this institution.

You will be notified prior to the release of this inmate so that you may have an officer here to take him/her into custody.

Minimum discharge date          N/A
Mandatory Supervision date      N/A
Parole eligibility date            03-08

Sincerely,

M. B. Thaler
Chairman State Classification Committee

by  sk    /Deputy

cc:  Parole Division
     Unit Warden,
     Inmate
     File
     Key              McConnell

# CERTIFICATE OF PROCEEDINGS

CASE: 0782692   DATE: 10/29/01        DOCKET: 0782692D                CID: 0366279

DEFENDANT: BOOKER,MARC E                          WARRANT:
MICRO:                              INDICTED: Y    DATE:  11/02/00

COURT:  D297              HEARD: _____    TRANSFER COURT: _____

CHOV: ___/___/___  I/O: ___  COUNTY: _____

CHARGE OFFENSE: 490203 EVADE ARREST-SER BOD INJ   DATE: 09/01/00  LSR INC: ___

DISPOSITION OFFENSE: 490203 _____

PLEA:  PGBC            BOND TYPE: _____    FINE: _____

DISP:  FELC  ___/___/___   STATUS: _____   CT COST: _____

SENTENCE: P008Y ___/___/___  EVENT: _____   MISC: _____

ACTION: _____ ___/___/___                     DUE: ___/___/___

PROB (MOS): _____ ___/___/___   AMOUNT: _____   PAID: _____

                                  FORFEIT: ___/___/___

INST VERD: _____    BONDSMAN: _____  _____

PROCEEDINGS: Enh. Not.— WAIVED _____

             CC CTS _____

* State time Will not be stacked on any federal time _____

JUDGE/:  _[signature]_         CLERK: _L. Dickens_
MAGISTRATE
             9-8-00  | 10-29-01



* COP entry only per court

Kurt Stallings                              David Pearson

## CASE NO. 0781674A

| | | |
|---|---|---|
| HE STATE OF TEXAS | § | IN THE 297TH DISTRICT |
| S. | § | COURT OF |
| IARC E BOOKER | § | TARRANT COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL

| | | | | |
|---|---|---|---|---|
| udge Presiding | : HON. EVERETT YOUNG | Date of Judgment | : | OCTOBER 29, 2001 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : | KURT STALLINGS |
| Attorney for Defendant | : DAVID A. PEARSON | Charging Instrument | : | INDICTMENT |

| Offense Date | Convicted Offense |
|---|---|
| UNE 14, 2000 | AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM |

| Degree | Count | Plea |
|---|---|---|
| ST | ONE | GUILTY |

| | |
|---|---|
| findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |
| erms of Plea Bargain | : 15 YEARS TDC CONCURRENT W/ 0782692D AND DM02 0822637W |
| lea to Enhancement aragraph(s) | : NONE |
| lea to Habitual aragraph(s) | : NONE |
| findings on Enhancement/ fabitual Paragraph(s) | : NONE |
| ate Sentence Imposed | : OCTOBER 29, 2001          Date to Commence : OCTOBER 29, 2001 |
| unishment lace of Confinement | : COUNT ONE - FIFTEEN (15) YEARS : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |

| | | | | |
|---|---|---|---|---|
| ime Credited | : 417 DAYS | Court Costs | : | $252.25 |
| eparation | : NONE | Restitution | : | NONE |
| Aultiple Sentences | : TO BE SERVED CONCURRENTLY | | | |
| | WITH SENTENCE(S) RENDERED IN TARRANT COUNTY | | | |

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced eady for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed hat the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed to the ame, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument aving been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any ecommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering

such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True.    Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment be, and the same is hereby in all things approved and confirmed, and that said Defendant is adjudged guilty of the offense set forth above, by the Court (a jury having been waived in accordance with law) and that said Defendant be punished in accordance with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment and execution may issue as necessary.

And, if shown above that Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense together with his punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against the said Defendant shall begin when the judgment and sentence in such prior offense, when shown above, shall have ceased to operate. And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

_____
PRESIDING JUDGE

Date Signed    :   OCTOBER 29, 2001

Notice of Appeal      :   _____

Mandate Received      :   _____

CASE NO. 0782692D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 297TH DISTRICT |
| VS. | § | COURT OF |
| MARC E BOOKER | § | TARRANT COUNTY, TEXAS |

**JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT**
**WAIVER OF JURY TRIAL**

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. EVERETT YOUNG | Date of Judgment : | OCTOBER 29, 2001 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : KURT STALLINGS |
| Attorney for Defendant | : DAVID A. PEARSON | Charging Instrument: | INDICTMENT |

| Offense Date | Convicted Offense | |
|---|---|---|
| SEPTEMBER 1, 2000 | EVADING ARREST AND CAUSING SERIOUS BODILY INJURY TO ANOTHER | |

| Degree | Count | Plea |
|---|---|---|
| 3RD | ONE | GUILTY |

| | | |
|---|---|---|
| Findings on Deadly Weapon | : NONE | |
| Terms of Plea Bargain | : 8 YEARS TDC CONCURRENT W/ 0781674A | |
| Plea to Enhancement Paragraph(s) | : ENHANCEMENT NOTICE, PARAGRAPH ONE - WAIVED BEFORE PLEA | |
| Plea to Habitual Paragraph(s) | : NONE | |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE | |
| Date Sentence Imposed | : OCTOBER 29, 2001 | Date to Commence : OCTOBER 29, 2001 |
| Punishment Place of Confinement | : COUNT ONE - EIGHT (8) YEARS : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE | |

| | | | |
|---|---|---|---|
| Time Credited | : 417 DAYS | Court Costs | : $252.25 |
| Reparation | : NONE | Restitution | : NONE |
| Multiple Sentences | : TO BE SERVED CONCURRENTLY | | |
| | WITH SENTENCE(S) RENDERED IN TARRANT COUNTY | | |

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment

VOLUME 73 PAGE 527A OF CASE NO. 0782692D          TRANS NO, 1

such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True.     Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment be, and the same is hereby in all things approved and confirmed, and that said Defendant is adjudged guilty of the offense set forth above, by the Court (a jury having been waived in accordance with law) and that said Defendant be punished in accordance with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment and execution may issue as necessary.

And, if shown above that Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense together with his punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against the said Defendant shall begin when the judgment and sentence in such prior offense, when shown above, shall have ceased to operate. And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

_____
PRESIDING JUDGE
Date Signed     :   OCTOBER 29, 2001

Notice of Appeal        :   _____

Mandate Received        :   _____

U.S. DISTRICT COURT
DISTRICT OF TEXAS
FILED

SEP 2 4 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# United States District Court

### Northern District of Texas
### Dallas Division

UNITED STATES OF AMERICA

v.                                                    Case Number   3:01-CR-184-X (1)

MARC ELLIOT BOOKER
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MARC ELLIOT BOOKER, was represented by Dan Wannamaker.

The defendant pleaded guilty to count(s) 1 of the Indictment filed on April 18, 2001. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC § 922(g)(1) | Felon in Possession of a Firearm | June 27, 2000 | 1 |

As pronounced on September 17, 2001, the defendant is sentenced as provided in pages 1 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count(s) 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___24th___ day of September, 2001.

_____
JOE KENDALL
UNITED STATES DISTRICT JUDGE

Defendant's SSN: 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
Defendant's Date of Birth: December 19, 1969
Defendant's Address: 1015 North Carrier Parkway, No. C260; Grand Prairie, Texas 75050
Defendant's USM No: 26969-177

AO 245 S (Rev. 9/96)(N.D.TX. Rev. 2.0) Sheet 2 - Imprisonment

Defendant:  MARC ELLIOT BOOKER                               Judgment--Page 2 of 4
Case Number:  3:01-CR-184-X (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **thirty-three (33) months.**

The Court makes the following recommenations to the Bureau of Prisons:  **FMC, Fort Worth, Texas; and that defendant be placed in the comprehensive drug treatment program.**

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.


_____
                                                            United States Marshal

                                            By _____
                                                            Deputy Marshal

Defendant: MARC ELLIOT BOOKER                                          Judgment--Page 3 of 4
Case Number: 3:01-CR-184-X (1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

     The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer 10 days prior to any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: MARC ELLIOT BOOKER                                Judgment--Page 4 of 4
Case Number: 3:01-CR-184-X (1)

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It is ordered that the defendant contribute to the costs of services rendered (co-payment) in an amount to be determined by the Court, based on ability to pay or availability of third-party payment.

Marc Booker 1069369
Ramsey 1 Unit
1loo FM 655
Rosharon,Tx 7758?

Legal
Mail

United States District Courts
Attn:Judge Kendall
1100 Commerce St. Rm 1452
Dallas,Tx 75242



RECEIVED

OCT 22 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

